

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2005

# Onggalia v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4037

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Onggalia v. Atty Gen USA" (2005). *2005 Decisions.* Paper 268.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/268

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4037
_____

LITAWATI ONGGALIA,
Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,
Respondent

_____

On Petition for Review from an Order of the Board of Immigration Appeals
(Agency No. A95 161 027)

_____

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

Before: ROTH, MCKEE AND ALDISERT , <u>CIRCUIT JUDGES</u>

(Filed : November 3, 2005)

_____

OPINION
_____

PER CURIAM.

Litawati Onggalia petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming the denial of her application for asylum, withholding of

removal, and protection under the United Nations Convention Against Torture ("CAT").

For the reasons that follow, we will deny the petition.

Onggalia, a native and citizen of Indonesia who is ethnically Chinese and Christian, entered the United States on July 5, 2000, with authorization to remain until January 4, 2001. In November 2001, the former Immigration and Naturalization Service issued a Notice to Appear in which it charged her as removable for having overstayed her admission period. See Immigration and Nationality Act ("INA") § 237(a)(1)(B). Onggalia conceded removability, and applied for asylum, withholding of removal, and relief under the CAT.

Onggalia claimed that she was subjected to persecution on account of her ethnicity and religion. In support of her application, Onggalia stated that while attending school she was often verbally harassed and inappropriately touched by native Indonesians. She also described three specific incidents of alleged persecution that occurred when she was an adult. In May 1999, while driving alone at night, three native Indonesians approached her car at a red light, knocked on her window, and demanded money. Onggalia gave the robbers 500 rupiahs, but they became angry, called her a "Chinese pig," and threatened to damage her car if she did not pay. Onggalia gave them all her money and drove away quickly. A few weeks later, while riding on a public bus, she witnessed native Indonesians beating a Chinese Christian man. The "most frightening" of these three incidents occurred in December 1999, when Onggalia, driving alone to work, was approached by three street performers. Because she was "so accustomed to this [sort] of thing, [Onggalia] simply rolled down the window and handed them coins." One of the

2

men, however, pointed a knife at Onggalia's face and demanded her bag, which contained a cellphone, wallet, and checkbook. Onggalia reported the incident to the police, who advised her that they "could do nothing for the loss," but took a report and assisted her in "blocking [her] bank" account.

The Immigration Judge ("IJ") denied asylum, concluding that Onggalia's application was untimely because it was filed more than one year after her arrival and that there were no changed or extraordinary circumstances sufficient to excuse the late filing. See INA § 208(a)(2)(B) (requiring that asylum application be filed within one year of arrival). The IJ also denied the application for withholding of removal and CAT relief, finding that the incidents described by Onggalia, even if considered cumulatively, did not establish that it is more likely than not that her life or freedom would be threatened, or that she would be tortured by a public official, if removed to Indonesia. After the Board of Immigration Appeals ("BIA") dismissed the appeal, Onggalia timely filed a petition for review in this Court.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA adopts the IJ's opinion, we review the IJ's decision. See Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). The IJ's findings of fact are reviewed under the substantial evidence standard. See Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003). We therefore must uphold the IJ's findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as

a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Onggalia challenges only the rejection of her claim for withholding of removal.[1] For withholding of removal to a particular country under the INA, an applicant must establish by a "clear probability" that his "life or freedom would be threatened in that country because of [his] race . . . or religion." INA § 241(b)(3)(A); Chang v. INS, 119 F.3d 1055, 1059 (3d Cir.1997). "To meet this test, the alien must demonstrate that there is a greater-than-fifty-percent chance of persecution upon his or her return." Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998). The applicant can seek to establish eligibility either by demonstrating past persecution or by showing a likelihood of future persecution. See 8 C.F.R. § 1208.16(b). Notably, the "clear probability" standard applicable to a withholding claim is higher than the "well-founded fear of persecution" standard applicable to an asylum claim. See Lukwago v. Ashcroft, 329 F.3d 157, 183 (3d Cir. 2003).

We find ample support for the IJ's decision. As the IJ determined, the insults, robberies, molestations, and the assault that Onggalia witnessed – viewed either

---

[1] We note that even if Onggalia had challenged the conclusion that her asylum application was untimely, and that no exceptional or changed circumstances tolled the one-year filing period, we would not have jurisdiction to review that determination. See INA § 208(a)(3); Tarrawally, 338 F.3d at 185. Moreover, had Onggalia not waived her claim for CAT relief by failing to pursue it in her brief to this Court, see Lie v. Ashcroft, 396 F.3d 530, 532, n. 1 (3d Cir. 2005), we would nevertheless conclude that she did not meet her burden of establishing that it is more likely than not that she would be tortured by a public official if removed. See Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002).

4

individually or collectively – do not amount to past persecution under the controlling law. See Lie, 396 F.3d at 536 (holding that ethnic Chinese Indonesian's "account of two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution"). Indeed, persecution denotes "extreme conduct," including "threats to life, confinement, torture and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v INS, 12 F.3d 1233, 1240 & n.10 (3d Cir. 1993). The incidents Onggalia described, while certainly unpleasant and frightening, are akin at most to "[m]ere generalized lawlessness and violence between diverse populations" that will not support relief. Abdille v. Ashcroft, 242 F.3d 477, 491-92 (3d Cir. 2001). Thus, the IJ properly denied Onggalia's claim for withholding based on past persecution.

Furthermore, after a review of the record, we are satisfied that substantial evidence supports the IJ's determination that Onggalia did not establish a well-founded fear of future persecution. See Lie, 396 F.3d at 538 (finding that petitioner "failed to establish either that she faces an individualized risk of persecution or that there is pattern or practice of persecution of Chinese Christians in Indonesia"). In particular, the State Department Country Reports and other documents submitted in support of Onggalia's application do not compel a finding different than that reached by the IJ. See Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004). Thus, the IJ's determinations respecting future persecution were supported by substantial evidence in the record.

For these reasons, we will deny the petition for review.